**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **RALPH N. THOMPSON, #11165-097** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:21cv401** |
| | § | **CRIMINAL ACTION NO. 4:98cr64(2)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In his underlying criminal case, *pro se* Movant Ralph Nathaniel Thompson filed "Nunc Pro Tunc Motion for Cause and Consideration as a Matter of Justice." Crim. ECF Dkt. #534.  In the motion, Movant claims he is actually innocent and complains about his life sentence.  Because Movant seeks reconsideration of his conviction and sentence, it is appropriate to construe his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND OF THE CASE**

On May 21, 1999, a jury found Movant guilty of engaging in organized crime, in violation of 18 U.S.C. § 1962( c); conspiring to engage in organized crime, in violation of 18 U.S.C. § 1962 (d); conspiring to distribute cocaine in violation of 18 U.S.C. § 846; and conspiring to launder money, in violation of 18 U.S.C. § 1956(h).  On August 24, 1999, the District Court's sentence of life imprisonment was entered into the docket.  Crim. ECF (Dkt. #427).  The Court of Appeals for

the Fifth Circuit affirmed Movant's conviction and sentence on appeal. *United States v. Thompson,* 253 F.3d 700 (5th Cir. 2001).  Movant then filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on February 3, 2003. *See* Civil ECF 4:03cv28.  The District Court denied Movant's § 2255 motion on January 22, 2004, *id*. (Dkt. #11), and the Fifth Circuit denied his motion for certificate of appealability on October 21, 2004, *id*. (Dkt. #18).  Movant now files what is construed as a second § 2255 motion.  The Government was not ordered to file a Response.

## SUCCESSIVE MOTIONS

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Movant previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,  which was denied and dismissed with prejudice. *See* Civil ECF 4:03cv28.   In the present case, the Court lacks jurisdiction to consider Movant's motion unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant had filed a prior § 2255 motion, and the Fifth Circuit had not granted permission to file a successive § 2255 motion). Accordingly, the present motion should be dismissed for want of jurisdiction because Movant has not shown that he obtained permission from the Fifth Circuit to file a successive § 2255 motion.  *Id*.

## RECOMMENDATION

It is recommended the construed motion to vacate, set aside, or correct sentence be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant  to 28 U.S.C. §§ 2244(b)(3)(A), 2255.   Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( c).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of June, 2022.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE