IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RALPH N. THOMPSON, #11165-097** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv401 |
| | § | CRIMINAL ACTION NO. 4:98cr64(2) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Movant Ralph Nathaniel Thompson filed the above-styled and numbered Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1). The case was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #3) in which she recommended the case be dismissed because it is a successive motion, and Movant failed to show the United States Court of Appeals for the Fifth Circuit granted permission to file it. In response to the Report and Recommendation, Movant filed a motion to voluntarily dismiss the case (Dkt. #4).

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a) that provides, in pertinent part, the movant "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (party has absolute right to dismiss his legal action under Rule 41(a) prior to the filing of an answer or motion for summary judgment). "Unless the notice … states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a movant has moved to dismiss under

Rule 41(a)(1)(A)(i), "the case [i]s effectively terminated," and "[t]he court has no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.,* 814 F.3d 287, 291 (5th Cir. 2016) (citing *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976)).

In the present case, no answer or motion for summary judgment has been filed; thus, Movant is entitled to the voluntary dismissal of the case without prejudice. Movant's case was dismissed the moment the notice was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.,* 785 F.3d at 973.

Accordingly, it is **ORDERED** that Movant's notice of dismissal (Dkt. #4) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

**So ORDERED and SIGNED this 28th day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE